## HECHT & IMBODEN v. CAUGHRON.

1. PLEADING—EVIDENCE: *Execution of contract sued on.*
   When the execution of an instrument sued on and set forth in the complaint is not denied in the answer, it is admitted by the defendant and need not be proved.

2. SAME: *Written pleadings before J. P., effect of.*
   When a defendant elects to file a written answer before a justice of the peace, or on appeal in the circuit court, he will be held to the issues tendered by his answer.

3. SAME: *General issue, effect of.*
   The general issue is not now permissible in practice, but may be accepted by the parties as tendering an issue, and treated as a valid answer; but the scope of the issue will not be extended beyond what the answer obviously intended to make.

Hecht & Imboden v. Caughron.

4. ACTION : *Right of, on promise for plaintiff's benefit.*
   A party may maintain an action on a promise made to another for his benefit.

APPEAL from *Clay* Circuit Court, Western District. Hon. W. H. CATE, Circuit Judge.

*J. C. Hawthorne*, for appellants.

*First*—The unauthenticated copy of the record of an agreement between appellants and the Allendale Trust Company should have been excluded. The clerk had not attached his certificate or seal thereto. It was not proved to have been a true copy, or that it had ever been entered into or executed by appellants. *1 Greenl. Ev., sec. 501.*

*Second*—The first instruction was error. It assumed that if appellants received the product of the mill, they were liable for all wages of laborers. This was a summary way of enforcing laborers' liens, and does not harmonize with the decisions on that subject. *27 Ark., 564.*

*Third*—A general authority to transact business and to receive and discharge debts, does not confer upon the agent the power to accept or indorse bills so as to charge the principal. *3 Head. (Tenn.), 619;* nor to authorize an agent to give notes in the name of his principal. *8 Wend., 494; 37 How., 203; 6 Abb. (N. S.), 292.* It should have been submitted to the jury, whether the agreement authorized the Trust Company to issue due bills, which would bind appellants—but the second instruction assumed that it did, and was error. Appellants did not undertake generally to pay wages, but only to do so when requested by the company.

The promise to pay these due bills was within the statute of frauds. *12 Ark., 174.*

Hecht & Imboden v. Caughron.

No suit ean be maintained, unless by parties or privies. The promise to the Trust Company was not one to pay plaintiff.

*Sanders & Husbands*, for appellee.

The written contract provided that appellants should pay all employes of the mill—not when requested—but immediately. Before he purchased the checks, appellants assured appellee they would pay them. The written contract was recorded and duly certified and properly admitted as evidence.

The mill was operated solely for the benefit of appellants—they received all the proceeds and agreed to pay all the wages.

A promise made to one for the benefit of another, can be sued on by the beneficiary of the promise. *49 Mich.,* *366; 17 Mass., 400; Ib., 575; 1 Chit. Pl., 4; 16 Serg. & R., 237; 8 Conn , 52; 2 Gr. Ev., sec. 109; 31 Ark., 162.*

COCKRILL, C. J.    The Allendale Trust Company was carrying on a saw mill business in Clay county, and became indebted to the mercantile firm of Hecht & Imboden in the sum of $1,500. Wishing to secure this amount and advances thereafter, to be made in money or merchandise by Hecht & Imboden, an agreement was entered into between the parties by which the company transferred all of its stock of saw logs and timber, and certain accounts due them, to the merchants, and agreed to carry on the saw mill business for the sole benefit, and in the name of the merchants, until the amount secured should be liquidated; the merchants upon their part agreeing to furnish the mill with logs, and to pay the wages of the employes, and other expenses of the business. The agreement was duly

·executed, acknowledged and filed for record as a chattel mortgage, and the business was conducted under it. It was the custom of the company to issue due bills to the ·employes at the mill for their wages, payable at Hecht & Imboden's store on the 15th of each month.

The appellee was an employe at the mill and purchased due bills for wages from other employes payable at Hecht & Imboden's place of business, which the firm paid. Subsequently the appellee presented a time check due him for wages, and several others which he had purchased as before, but payment was refused, the merchants claiming that the company had no money in their hands, but was indebted to them in the sum of $1,100. The appellee sued them to recover the aggregate amount of the several due bills, obtained judgment, and the merchants appealed.

On the trial the court permitted the appellee to read to the jury the agreement between the company and Hecht & Imboden, without proof of its execution. It purported to be a certified copy from the record, but there was no proof as to the original, and it is argued that the clerk's ·certificate to the ·copy was informal and insufficient, and that the court erred in permitting it to go to the jury.

*1. EVIDENCE: Execution of contract*

The action was begun before a justice of the peace, upon a formal complaint containing several paragraphs, one of which sets forth the copy of the agreement offered in evidence. What issues were made in the justice's court the record does not disclose, but in the circuit court the appellants filed a written answer. It was simply the old plea of *nil debit.* No written answer was necessary before the justice, or on appeal to the circuit court, but the appellants having elected to make their defense in writing, they must be held to the issues their answer tendered. *Pennington v. Gibson, 6 Ark., 447; Bellows v. Cheek, 20 ib., 424.* · The general issue is not now permissible in practice,

*2. PLEADING: Issues.*

*3. General issue. Effect of.*

Hecht & Imboden v. Caughron.

a specific denial of each material allegation of the com
plaint which the defendant desires to controvert being re-
quired. The plea may be accepted by the parties as ten-
dering an issue, and so be treated here as a valid answer,
but the scope of the issue will not be extended, as was
ruled in *Tyner v. Hays, 37 Ark., 599*, beyond such as the
answer was obviously intended to make. The chief object
of the reform system of pleading, it is said, is "to compel
the adverse parties to disclose to each other the facts upon
which they rely to uphold the claim upon the one side
and to maintain the defense on the other, in order that
each may know what he is required to establish or repel
by proof upon the trial." *Newman Pl. & Pr., 523.*

It is obvious that the appellee could not have understood
that the execution of the instrument sued on was denied,
and he was, therefore, not called upon to prove its execution.
*Martin v. Tucker, 35 Ark., 279; Tyner v. Hays, supra;
Gwynne v. McCauley, 32 ib., 97.*

But it is said the appellee was not a party to this con-
tract and had no legal interest in it. The right of a party
to maintain an action on a promise made to another for
his benefit, although much controverted, is now the pre-
vailing rule in this country, and has received the sanction
of this court. *Chamblee v. McKenzie, 31 Ark., 155; Talbot
v. Wilkins, ib., 411; 2 Whart. Cont., sec. 785, et seq.*

One of two constructions must be placed upon the contract.
Hecht & Imboden either undertake to pay the wages and sup-
ply demands of the business, in consideration of the benefit
to be derived by them from the company, or they constitute
the company their agent with power to bind them for the
payment of these demands. In either event they are lia-
ble. In this view the instructions were not erroneous and
the judgment must be affirmed.