EDGAR D. SWIFT, impleaded with, etc.,

v.

HUGH MARTIN ET AL.*

</div>

1. MECHANICS' LIENS—STATUTORY.—Mechanics' liens are entirely the creation of statute, and are controlled absolutely by the provisions, requirements and conditions of the law which created them.

2. SAME—DISSOLVED UPON STATUTORY BOND BEING FILED.—Upon a bond being filed by a contractor in accordance with sections 42 and 43 of chapter 82 R. S., entitled "Liens," conditioned for the payment of all just claims for such work or materials as they become due, etc., the effect is to discharge all such liens as shall have accrued before the filing thereof, including those upon which suits have been brought.

3. SAME—PRACTICE.—This effect should be given to the filing of such

* Three cases.

bond whenever, before final decree is entered, the fact of such filing and approval is properly brought to the notice of the court, in the proceeding to enforce the lien.

4. JURISDICTION.—A judge of the circuit court in approving a bond filed by a contractor under section 42 of chapter 82 R. S., entitled "Liens," which will operate to discharge all liens, in no manner trenches upon the jurisdiction of any court in which a proceeding to enforce the lien may be pending; jurisdiction is properly exercised by dismissing the proceeding in such cases.

5. PARTIES—APPEAL.—A contractor has a manifest interest in the fund in the hands of the owner of premises against which a mechanic's lien is sought, and has a right to appeal from a decree which gives a lien.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding. Opinion filed February 2, 1887.

Appellant was the contractor for building three houses, one for his co-defendant in each of the above entitled cases. Appellee was a sub-contractor and furnished material for the construction of each building. Not having received his pay from the contractor, appellee served notices on each of the owners, and afterward filed his petition in each of the cases to establish his lien. Answers were filed in each case, and when the cases came on for hearing, they were, by stipulation, practically heard and determined together, and though separate decrees were entered, by agreement one certificate entitled in all the causes was signed, and they were all brought to this court on one record. After the causes had been heard by the court, but before the entering of any final decrees therein, the appellant, Swift, filed his petition in each of said cases, setting forth that he had entered into bond with the owners of the premises, naming them, for the use of all persons who may do work etc., conditioned for the payment of all claims for work or material done or furnished pursuant to the contract between said Swift and said owners as they became due, said bond in the Slafter case being in the penal sum of $2,300, and in each of said Moore cases in the penal sum of $8,112, the penal sum in said bonds being in each case double the contract price agreed to be paid for the performance of the contract. Copies

Swift v. Martin.

of the bonds were attached to the petitions, and the petitions prayed that the court proceed no further, but dismiss each suit at the defendant Swift's costs.

The petitions were duly verified. A general demurrer was filed by appellee to each petition, and was sustained by the court, and thereupon the court rendered in favor of appellees in each case, a decree *in personam* against Swift and against the owners for a lien to the amount that remained due and unpaid by the owners upon each contract, and from said decrees appeals are taken to this court, and the refusal of the court to grant the prayer of the petitions filed by appellant and dismiss the proceeding for lien, is assigned with other errors.

Mr. S. E. Dale and Mr. F. W. Becker, for appellant ; that liens were discharged by filing bond, cited Phillips v. Gilbert, 101 U. S. Sup. Ct. Rep. 72; Phillips on M. L., § 303 ; Day v. Garrett, 12 Phila. 265.

Mr. Joseph B. Leake, for appellee ; that a party can not assign for error that which does not prejudice his or her rights, cited Carter v. Rodewald, 108 Ill. 356; Nat. Bk. of Pontiac v. King, 110 Ill. 260; Hannas v. Hannas, 110 Ill. 61 ; Ransom v. Henderson, 114 Ill. 531.

Moran, J. Liens in favor of mechanics and material men, are entirely the creation of statute, and are controlled absolutely by the provisions, requirements and conditions of the law which created them. Section 42 of chapter 82, R. S., entitled "Liens," is as follows :

"Upon entering into a contract to do any work or furnish materials for which a lien might accrue, under section 1 of this act, if the contractor will enter into bond with the owner, for the use of all persons who may do work or furnish materials pursuant to such contract, conditioned for the payment of all just claims for such work or materials as they become due, (which bond shall be in such an amount, not less than the price agreed to be paid for the performance of such contract,

and with such surety as shall be approved by a judge of the circuit court, or a master in chancery of said court,) and shall file the same in the office of the clerk of said court, then no lien shall attach in favor of such sub-contractor, mechanic or other person."

Section 43 is as follows:

" A · like bond may be made and filed, as provided in the foregoing section, at any time after the making of such contract, and shall have the effect to discharge all such liens as shall have accrued before the filing thereof, and to prevent the accruing of any such liens thereafter."

Compliance by appellant with the foregoing sections of the law was brought to the knowledge of the court by the petition filed by appellant· in each of the cases in which an enforcement of the lien was being sought. It is not suggested that the method of bringing the filing of said bonds to the attention of the court was not appropriate, and the demurrers admitted the truth of the matters set up in the petitions. It is urged by the counsel for the appellees, that the bonds were not filed in time to prevent the enforcement of appellees' liens by the court; that the bonds in order to discharge the lien, must be filed in the circuit court before the proceeding to enforce the lien has been commenced. We find nothing in the statute which gives support to this contention. Under the 43d section quoted above, the bond may be filed at any time after the making of the contract, and when filed the effect is to discharge all such liens as shall have accrued before the filing thereof. There is nothing whatever in the law which would authorize us to say that liens which accrued before the filing of the bond were not discharged because proceedings to enforce such liens had been commenced before the bond was filed. It is said that by the mere *ex parte* proceeding of filing the bond in the circuit court, the jurisdiction of the superior court which had attached by filing the petition for lien, could not be ousted. There is no question of jurisdiction involved. The question is, what judgment shall the court enter upon facts properly brought to its notice, in a matter of which it has complete jurisdiction. The judge of the circuit court, in

Swift v. Martin.

approving the bond, was in no manner trenching upon the jurisdiction of any court in which a proceeding to enforce the lien might be pending. The approval of such bond is the act of the judge, and not of the court, and is to be performed by him when satisfactory surety is offered, wholly without reference to the question whether any liens have accrued in the particular case or whether any proceedings to enforce liens have been commenced. The effect of filing such bond, upon all liens which have accrued, is declared by the statute, and the effect so declared by the statute should be given to the filing of such bond whenever, before final decree entered, the fact of such filing and approval is properly brought to the notice of the court in the proceeding to enforce the lien. The court could no more proceed to declare the lien, after it had been shown that such bond had been filed, than it could decree a sale of property in a foreclosure suit, after it had been shown to the court that the property had been released from the lien of the mortgage by an instrument properly executed, pending the foreclosure proceeding. Jurisdiction is properly exercised by dismissing the proceeding, because the law applicable to the facts before the court requires that action, and it is in no sense an ouster of the jurisdiction of the court to prove facts arising after the commencement of the proceeding which deprives the complainant of the relief which the proceeding was instituted to obtain. The rights of the parties are fixed and controlled by the statute, and while the court is to construe statutes, it has no power to import into the laws passed by the legislature conditions, limitations or provisions which the plain terms of the statute exclude. The legislature might have provided that liens, to enforce which suits were pending, should not be discharged by filing the bond mentioned in sections 42 and 43 above quoted. It did not do so, but on the contrary declared that *all liens accrued before the filing* of the bond shall be discharged by the filing thereof. To except from discharge liens upon which suits had been commenced, would not be to construe the statute, but to interpolate a term into it which the legislature did not see fit to incorporate in the act. We can only administer the Lien Act as we find it. With the policy,

wisdom or abstract justice of its provisions, the court has nothing to do. The legislature is the sole judge of the terms under which a lien may be created and of the conditions by which it may be discharged. The question presented in this case does not appear to have been determined before in this State, and authorities cited to us by counsel, from other States, construing statutes similar in general effect, are of no aid to us. Each particular statute must, in the nature of things, furnish in its terms the basis of its construction, and our statute is, so far as regards the question here considered, so free from ambiguity that there is nothing left to construction. It is suggested that the parties against whom the liens were decreed have not appealed, and the appellant has no interest in the question as to whether the lien exists or not. The discharge of the lien by filing the bond, it is said, is for the benefit of the owner and not of the contractor. The contractor has a manifest interest in the fund in the hands of the owner. Out of such fund the owner has the right to discharge the lien declared upon his property. The fund, in fact, belongs to the contractor, if the lien does not exist. Who, then, has a greater interest in the question of lien or no lien? If the building is completed, and the owner has paid only according to the terms of his contract and in compliance with the provisions of the law, he becomes, in a proceeding to enforce a lien, a practically indifferent stake-holder between the sub-contractor or material man and the contractor. We have no doubt of the right of appellant to assign error on the portion of the decree declaring a lien. He has the same right to question the decree here that he had to resist the granting of it in the court below.

It is unnecessary to consider other errors. The decrees entered in the cases in the superior court must be reversed and the cases remanded.

<div style="text-align:right">Decree reversed and remanded.</div>