# HUGH MARTIN *et al.*

### *v.*

## EDGAR D. SWIFT.

### *Filed at Ottawa May 12, 1887.*

1. MECHANIC'S LIEN—*giving bond, as operating to discharge lien of sub-contractor—time of filing, and effect thereof, etc.* The bond for the discharge of sub-contractors' liens, provided for in section 43 of the Lien law, may be filed at any time after the making of the contract, even after suit brought to enforce such lien. But the filing of such bond after suit, will not entitle the owner or principal contractor to have the suit dismissed. In such case, the bond merely takes the place of the lien as a security.

2. SAME—*proceedings after bond filed—declaring a lien—personal judgment.* The suit to enforce the lien of the sub-contractor may still be properly prosecuted after the giving and approval of such bond, to its final conclusion, for the purpose of fixing the amounts due, in aid of the enforcement of the bond, and determining the sum due under the bond.

3. When the bond has been filed, however, while the court may still ascertain and declare the sum due the sub-contractor, it is error to render judgment *in personam,* for the same, or to declare it a lien on the premises. A decree *in personam* is not authorized except where a lien is declared, and there is a deficiency after sale of the subject of the lien.

4. ASSIGNMENT OF ERROR—*by whom.* Where the court, in a proceeding to enforce a sub-contractor's lien, after bond filed, which operates to discharge the lien, still decrees a lien on the property in favor of a sub-contractor, the error will be such as affects both the principal contractor and the owner of the property, and the contractor alone may assign such decree for error.

5. PRACTICE—*reversal of decree in whole or in part.* In a proceeding to enforce the lien of a sub-contractor, after the hearing, and before decree, the principal contractor and owner of the building gave the bond authorized in section 43 of the Lien act, and asked a dismissal of the suit, which was denied, and the court found the sum due the plaintiff, and by the decree made it a lien on the premises. The Appellate Court held that the motion to dismiss was properly overruled, and that it was error to decree a lien, and reversed the decree: *Held,* that the judgment of the Appellate Court was correct, except as to the reversal of the entire decree, as it did not follow, from the finding of the error, that the decree was erroneous in finding the amount due.

6. STATUTE—*construction.* Where the language of a statute is plain and unambiguous there is no room for construction, and the words used must have their natural meaning, unless some absurd or injurious consequence will result which was not foreseen by the legislature.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Edgar D. Swift was the contractor for building three houses, one for Julia A. Slater, one for John W. Moore, and one for Stewart L. Moore. Martin & Co. were sub-contractors, and furnished materials for the construction of each building. Not having received their pay from Swift, Martin & Co. served the notice required in such case, on each of the owners of the premises, and afterwards filed their petition in each of the cases, to establish their mechanic's liens. Answers were filed in each case, and when the cases came on for hearing, they were, by stipulation, practically heard together; and though separate decrees were entered by agreement, one certificate of evidence entitled in all the causes was signed, and they were all taken to the Appellate Court on one record. After the causes had been heard by the trial court, but before the entering of any final decrees therein, Swift, the original contractor, filed his petition in each of the cases, setting forth that he had entered into and filed the bond provided for in section 42 of chapter 82 of the Revised Statutes, entitled "Liens," and the petitions prayed that the court proceed no further, but dismiss each suit at the defendant Swift's costs. A demurrer was filed by the Martins to each petition, and was sustained by the court, and thereupon the court rendered in favor of Martin & Co., in each case, a decree *in personam* against Swift, and against the owners, for a lien to the amount (naming it) that remained due and unpaid by the owners upon each contract. Swift alone appealed from the decrees to the Appellate Court for the First District, and that court reversed the decrees and remanded the causes. Afterwards, on motion of Martin & Co., the remanding part of the order was stricken out, and they took an appeal to this court from the judgment of the Appellate Court.

Mr. JOSEPH B. LEAKE, for the appellants.

Mr. S. E. DALE, and Mr. F. W. BECKER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

We are of opinion the demurrer was rightly sustained to the petition to proceed no further in the suits, but to dismiss them. The statute relating to liens provides for a mechanic's lien in favor of a sub-contractor, as well as in favor of the original contractor. Section 42 of the act is as follows: "Upon entering into a contract to do any work or furnish materials for which a lien might accrue, under section 1 of this act, if the contractor will enter into a bond with the owner, for the use of all persons who may do work or furnish materials pursuant to such contract, conditioned for the payment of all just claims for such work or materials as they become due, (which bond shall be in such an amount, not less than the price agreed to be paid for the performance of such contract, and with such surety as shall be approved by the judge of the circuit court, or a master in chancery of said court,) and shall file the same in the office of the clerk of said court, then no lien shall attach in favor of such sub-contractor, mechanic or other person." Section 43 is: "A like bond may be made and filed as provided in the foregoing section, at any time after the making of such contract, and shall have the effect to discharge all such liens as shall have accrued before the filing thereof, and to prevent the accruing of any such liens thereafter."

It is insisted that the bond provided for in this 43d section should be made and filed before the institution of a suit to enforce the lien. But that certainly is not the reading of the section. It says, plainly, the bond may be made and filed at any time after the making of the contract. There is no ambiguity here, and the words used must have their natural meaning, unless some absurd or injurious consequence would

result which the legislature manifestly could not have intended. There is nothing of that sort here. The rule is, that if the statute is plain and unambiguous, there is no room for construction,—that it is not allowable to interpret what has no need of interpretation. Sedgwick on Stat. and Const. Law, 231, 227.

If it were the consequence of giving the bonds that there must be dismissal of the suits, and all that had been done in them become of no effect, to avoid such an inconvenient result there might be some justification for the construction claimed, that the bond should be filed before suit brought for enforcement of the lien. There had been, here, a protracted litigation over the amounts which were due. There was a receipt in the case giving rise to a severe contest as to its forgery. Many witnesses had been examined on both sides, a large amount of time consumed, and large expenditures incurred. The trial had been had and concluded, but the decision not announced. That all this should have been in vain, and go for nothing, would be a most injurious result. We do not think that was a necessary result. The suit was instituted to enforce a security on real estate,—a lien. In place of this, there became substituted another security,—the bond. To the enforcement of either security, there was necessity for determination of the same question of the amounts due.

The inquiry in that respect, which had been prosecuted to enforce the security of the lien, we think, might, after the giving of the bonds, be continued in its prosecution to the end, for the purpose of fixing the amounts due in aid of the enforcement of the security of the bond, when that should be sought, so that when suit came to be brought upon the bond the amounts due would have already been ascertained and declared, and there would not be need, in this respect, to go over again, and relitigate anew what had been litigated to such an extent in the lien suit before the bond was filed. We think the court did right in refusing to dismiss the suits, and

in proceeding to find and declare the amounts due, but that there was error in rending a decree *in personam*, and in decreeing a lien. The proceeding to establish a mechanic's lien is a statutory one, and must be governed by the provisions of the statute. The law does not contemplate that in such a proceeding there shall be any decree *in personam*, except where there has been establishment of the lien, and decree for the deficiency after sale made of the subject of the lien. The statute is explicit, that the bond shall have the effect to discharge the lien, and the decrees should have allowed it the effect which the statute declares it shall have.

It is said, that the lien only concerns the owners; that they have not appealed, and that Swift, the contractor, can not be heard to make objection on account of the decree of the lien, because he is not prejudiced by the lien. We think the discharge of the lien is for the benefit of the contractor, as well as the owner. While the lien remains, the fund due the contractor is locked up,—held in the hands of the owner, to be paid to the sub-contractor, if found entitled to it. It is the contractor's interest that the fund be not so held; that it shall be free to be paid over to him, and to admit of any dealing between himself and the owner which they may desire to have, unembarrassed by the lien. We deem Swift to have sufficient interest in the matter of decreeing a lien, to entitle him to make objection on account of it.

We agree with the Appellate Court that there was no error in refusing to dismiss the suits, and that there was error in decreeing a lien. In its opinion, which we have before us, that court only considers and passes upon these two assignments of error, saying it was unnecessary to consider other errors assigned, and that the decrees must be reversed, and gives judgment accordingly. It did not follow, from the error in decreeing a lien, that the decrees must be reversed entirely, but only that they should be reversed in part, in so far as they decreed liens. The other errors assigned, among which

is one as to the amounts found due, were never, in fact, considered or passed upon by that court, and yet it, in effect, sustains that assignment of error by reversing the decrees wholly. Had the cases gone back to the trial court, there would had to have been re-trial there of the issues as to the amounts due, when there had been no determination by the court of review that the former finding on those issues was erroneous. And as it now stands, there is no finding as to amounts due, and in a suit upon the bond there would have to be the same re-trial of those issues.

In order to a reversal of the decrees entirely, we think the other errors assigned, or at least the one as to the amounts due, should have been considered and passed upon by the Appellate Court.

The judgment of that court will be reversed, and the causes remanded for further proceedings there, conformable to this opinion. *Judgment reversed.*