EDGAR D. SWIFT, IMPLEADED WITH JULIA A. SLAFTER
ET AL.

V.

HUGH MARTIN ET AL.

*Mechanic's Lien—Statutory Bond—Discharge of Lien—Practice—Reversal in Part.*

The Supreme Court, having remanded a case involving mechanic's liens, improperly decreed by the court below, for this court to consider other errors assigned, it is *held:* That the decree should stand affirmed except as to so much of each as declares a lien and renders judgment *in personam* against the defendant.

[Opinion filed August 1, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. S. E. DALE and F. W. BECKER, for appellant.

Mr. JOSEPH B. LEAKE, for appellees.

MORAN, P. J. The above entitled cases were, by stipulation, heard and determined together in the court below, and while separate decrees were entered, one certificate of evidence entitled in all the cases was signed, and by agreement they were all brought to this court on one record. They were heard in this court at the October term, 1886, and a judgment was rendered reversing the decrees in the court below. On appeal to the Supreme Court the conclusions reached by this court were in part affirmed and in part reversed, and the cases were remanded to this court for further proceedings. We refer to the opinion of this court, 20 Ill. App. 515, and to the opinion of the Supreme Court reported in 120 Ill. 488, for particulars of the case and a statement of the question involved, which it is deemed unnecessary to repeat here.

This court held that there was error in decreeing a lien'
and that the suits should have been dismissed by the court
below upon the filing of the bond, in accordance with the
mechanic's lien act, and reversed the decrees.   The Supreme
Court agreed with this court that there was error in decree-
ing liens, but said of the order of the Appellate Court, that
"It did not follow, from the error in decreeing a lien, that
the decrees must be reversed entirely, but only that they
should be reversed in part, in so far as they decreed liens.

"The other errors assigned, among which is one as to the
amounts found due, were never in fact considered or passed
upon by that court, and yet it, in effect, sustains that assign-
ment of error by reversing the decrees wholly.   Had the
cases gone back to the trial court there would have to be a
re-trial there of the issues as to the amount due, when there
had been no determination by the court of review that the
former finding on those issues was erroneous.   And as it now
stands there is no finding as to the amounts due, and in a suit
upon the bond there would have to be the same re-trial of
those issues.

"In order to a reversal of the decree entirely we think the
other errors assigned, or at least the one as to the amount
due, should have been considered and passed upon by the
Appellate Court."

In obedience to the direction of the Supreme Court we have
now considered all the errors assigned upon the record against
the decrees entered by the Superior Court, and we are of
opinion that there are no errors in said decrees except in de-
creeing the liens for the amounts found to be due from the own-
ers to appellant, and in giving judgments *in personam* against
appellant for the amounts found due from him to appellees.
We are of opinion that the evidence supports the finding of
the court in respect to the amounts found to be due from
appellant to appellees, and that said decrees should stand as
to the said amounts so found to be due in each case.

The decrees in said cases will therefore be reversed as to so
much thereof respectively as declares a lien for any amount,
and as to so much thereof as gives a judgment *in personam*

against appellant, and will stand affirmed as to so much thereof respectively as finds and determines the amount due from said appellant to appellees in each of said cases. And such other or further proceedings may be had in said cases in the Superior Court as are not inconsistent with this opinion.

*Reversed in part and affirmed in part.*