STEWART-McGEHEE CONSTRUCTION COMPANY *v.* BREWSTER
AND RILEY FEED MANUFACTURING COMPANY (2 CASES).

Opinion delivered May 24, 1926.

1. MECHANICS' LIENS—RIGHT TO RECOVER ON CONTRACTOR'S BOND.— Materialmen are entitled to recover on a contractor's bond executed under Crawford & Moses' Dig., § 6912, without filing liens within 90 days after materials were furnished, provided suits were brought before time has expired for establishing their liens.

2. MECHANICS' LIENS—CONTRACTOR'S BOND—PRIVITY.—Where a contractor's bond given to the owners for the faithful performance of the contract provides that it shall be for the benefit of those furnishing labor or materials, they may maintain an action thereon, though they are not directly parties to the bond.

Appeal from Jefferson Circuit Court; *T. C. Parham,* Judge; affirmed.

*Abner McGehee,* for appellant.

*Rowell & Alexander* and *Harry T. Wooldridge,* for appellee.

WOOD, J. These were separate actions filed in the Jefferson Circuit Court by the appellees, material furnishers, against the appellants. The complaints alleged, in substance, that the respective plaintiffs had furnished material to one J. C. Shepherd, which material was used in the Hippodrome Theater building in the city of Pine Bluff, and which material had not been paid for; that Shepherd was a subcontractor of the Stewart-McGehee Construction Company, hereafter called company, and

had a contract for building the theater; that the company was liable to the appellees under a bond containing the following provisions, to-wit: "That we, Stewart-McGehee Construction Company, a corporation, as principal, and the Fidelity and Deposit Company of Maryland, Baltimore, Md., as surety, are held and firmly bound unto the State of Arkansas, for the use of the Hippodrome Theater Company, a corporation incorporated under the laws of the State of Louisiana, its successors and assigns, and all persons in whose favor liens might accrue, under chapter 110 of Crawford & Moses' Digest of the Statutes of Arkansas, including all subcontractors, laborers, workmen, mechanics and material furnishers, and other persons having claims which might be the basis of liens, both jointly and severally, as their interests may appear, in the full sum of three hundred and twenty-four thousand dollars ($324,000) lawful money of the United States of America, for the payment whereof, well and truly to be made, we bind ourselves, our heirs, administrators, executors, assigns and successors."

The company demurred and answered. It denied liability, and set up that the appellees had failed to file with the clerk of Jefferson County an itemized statement of account for the material alleged to have been furnished by them, duly verified. The causes were by consent consolidated for trial and tried by the court sitting as a jury. After hearing the testimony, the court rendered judgments in favor of the appellees.

1. The only question presented by this appeal is whether or not the company is liable under the provisions of its bond. No issue is raised as to the amounts of the judgments. The company contends that it is not liable because the appellees failed to comply with the provisions of § 6922 of C. & M. Digest, requiring them to establish their liens by filing with the circuit clerk of the county in which the building is situated, within ninety days after the material was furnished, a just and true account of the demand due and owing them, etc. Section

6912 of C. & M. Digest is as follows: "The principal contractor may execute a bond to the State of Arkansas, for the use of all persons in whose favor liens might accrue, under § 6906 *et seq.,* conditioned for the payment of all claims which might be the basis of liens; which bond shall be in a sum of not less than double the amount of the contract price, with good and sufficient sureties, whose qualifications shall be verified, and such sureties shall be approved by the clerk of the circuit court in the county in which the property is situated, and may file such bond in the office of said clerk; provided, that if such bond is not filed, all laborers, mechanics, and material furnishers, except the principal contractor, shall have a lien for the unpaid amount of their claims against the building erected and improved and against the lot of ground upon which the same is situated, and provided in this chapter. Provided, that if the owner shall require the contractor to execute bond, and the same shall be executed, approved and filed, as herein provided, he shall not be liable, nor shall the building, erection or improvements, nor shall the lot or ground upon which the same is situated, be liable for any sum or sums of money due subcontractor, laborers or materialmen because of any work done, labor performed, or material furnished in the erection of said building erected, or improvements under contract with said principal contractor or subcontractor. Suit may be brought on said bond by any person interested."

Section 6922, *supra,* requiring liens to be established, is § 11 of the comprehensive lien law enacted April 20, 1895. Section 6912, *supra,* permitting the principal contractor to execute a bond for the use of all persons in whose favor liens might accrue, is the first section of act 446 of the Acts of 1911, enacted June 2, 1911. The provisions of the last enactment show that it was an amendment to the prior lien law, related to the same subject-matter, and is *in pari materia.* Therefore, to ascertain its meaning, it must be construed in connection with the provisions of chapter 110 of C. & M. Digest, relating

to mechanics', laborers' and material furnishers' liens. *Pope* v. *Nashville,* 131 Ark. 429-437; *State* v. *Boney,* 156 Ark. 169-174; *McIntosh* v. *Little Rock,* 159 Ark. 607-610. See also *Beloate* v. *Baker & Co.,* 126 Ark. 67-71.  Giving due consideration to the above rule for the construction of the statute, we are convinced that it was the intention of the Legislature to provide an entirely different method to be pursued by the owner, the contractor, and the person in whose favor liens might accrue under the provisions of chap. 110, § 6906, C. & M. Digest, for the establishment, security and payment of claims, than that to be pursued under that chapter prior to the enactment of act 446, *supra.*

It will be observed that it is not obligatory upon the owner of the improvement to require the principal contractor to execute a bond. He may do so or not, as he deems to his interest.  Likewise, the contractor is not required by virtue of the law to execute a bond.  He may refuse to do so.  It is entirely a matter between the contractor and the owner as to whether the bond provided by statute shall be executed.  But, where such bond is required by the owner and executed by the principal contractor, then the persons for whose use and benefit the bond is executed (§ 6906 *supra*) must look to the bond as their security for the payment of their claims, and not to a lien on the improvement.  In other words, where the bond provided for under § 6912 of C. & M. Digest is not executed, those who are given a lien under § 6906, *supra,* must comply with the provisions of § 6922, *supra,* in order to avail themselves of the benefit of such lien; but, if the bond is executed as provided by § 6912, *supra,* then the parties having claims *which might be the basis of liens* do not have to comply with the provisions of § 6922, *supra,* in order that they may establish and obtain the payment of their claims.  They must resort to the bond. But unless the beneficiaries under the statute institute suit on the bond before the time has expired for establishing a lien, then they have no claims which might be the basis of liens. *Acme Brick Co.* v. *Swim,*

168 Ark. 185. The language of § 1 of act 446 of the Acts of 1911, § 6912, *supra,* shows that, where the bond is executed pursuant to that section, the persons otherwise entitled to liens would no longer be entitled thereto, and hence would not have to comply with the provisions of § 6922, *supra.* Where the bond is executed *ipso facto,* the provisions relating to liens on the improvement are superseded, and no lien can attach. It occurs to us that no other meaning can be given the language, "provided, that if such bond is not filed, all laborers, mechanics and material furnishers, except the principal contractor, shall have a lien for the unpaid amount of their claim," etc. This language necessarily implies that, if the bond is filed, then the persons named shall have no lien. Likewise such is the only meaning that can be given the language that "if the owner shall require the contractor to execute bond, and the same shall be executed, proved and filed as herein provided, he shall not be liable, nor shall the building, erection or improvements, nor shall the lot of ground upon which the same is situated be liable," etc. Since therefore no lien can be established and declared if the bond is filed, it necessarily follows— where the bond is filed—that the parties having claims do not have to comply with the requirements of § 6922, *supra.*

We have already in effect given the statute the above construction in the case of *Beloate v. Baker & Co., supra,* where we said: "Section 1 (§ 6912 of C. & M. Digest), as quoted above, was only intended to give the owner the privilege of requiring a bond so as to obviate liens of laborers and mechanics and material furnishers, and to give a lien on a building or other improvement in favor of subcontractors, laborers or materialmen for the full amount of their respective claims in the event the bond be not given." See also *Acme Brick Co.* v. *Swim supra.* A like construction in other jurisdictions has been given statutes having a similar purport to our statute, as we construe it. See *Bohn* v. *McCarthy,* 11 N. W. 127; *Martin* v. *Swift,* 12 N. E. 201; *Risse* v. *Hopkins,* 40 Pac. 904.

2.  Although learned counsel for the company states in his brief that the only issue is as to whether or not the appellees can recover without complying with § 6922 *supra,* nevertheless he contends that the appellees had no right to recover on the bond for the reason that there is no privity of contract between the company and the appellees, inasmuch as the contract was between the appellees and J. C. Shepherd, who was a subcontractor of the company.  We cannot concur with this view.  It is conceded by the company that the bond was executed under the authority of § 6912 *supra,* and by its express terms the company, as principal, and the Fidelity & Deposit Company of Baltimore, Maryland, as its surety, "are held and firmly bound unto the State of Arkansas, for the use of * * * and material furnishers and other persons having claims which might be the basis of liens," etc.  This court, in a long line of cases, has ruled that, where a promise is made to one upon a sufficient consideration for the benefit of another, the beneficiary may sue the promisor for breach of his promise.  *Chamblee* v. *McKinzie,* 31 Ark. 155; *Talbot* v. *Wilkins,* 31 Ark. 411; *Heck* v. *Caughron,* 46 Ark. 132; *Thomas* v. *Prather,* 65 Ark. 27; and several subsequent cases where the doctrine is recognized, among the more recent being *Schmidt* v. *Griffith,* 144 Ark. 28; *Lesser-Goldman Cotton Co.* v. *Fletcher,* 153 Ark. 17-34; *Carolus* v. *Arkansas Light & Power Co.,* 164 Ark. 570.

The terms of the statute under which this bond was executed are written in the bond.  See *Brink* v. *Bartlett,* 29 So. 958.  The concluding sentence of § 6912, *supra,* is: "Suit may be brought on said bond by any person interested."  In 39 Ann. Cases, 757, the editors announce the doctrine as follows: "Where a contractor's bond given to the owner for the faithful performance of the contract contains an express provision that it shall be for the benefit of those furnishing labor and material, it is generally held that they may maintain an action thereon though they are not directly parties to the bond."  See also cases there cited.  Our own court in

*Rieff* v. *Redfield School Board,* 126 Ark. 474-479, construing a bond executed pursuant to this statute for the erection of a public school building, which contained a provision that the contractor should pay "for all material and labor for the building," held that the bond inured to the benefit of those furnishing the labor and materials, and that they could maintain an action on the bond executed by the principal contractor and his sureties. It appears that these actions were not instituted within ninety days after the last item of material was furnished. Therefore at the time the actions were instituted appellees did not have claims which might be the basis of liens, and under the doctrine of *Acme Brick Co.* v. *Swim supra,* they have no right of action.

The judgments of the Jefferson Circuit Court are therefore reversed, and the causes are dismissed.