STEWART-McGEHEE CONSTRUCTION COMPANY *v.* BREWSTER.

## Opinion delivered February 27, 1928.

1. APPEAL AND ERROR—AMENDMENT OF COMPLAINT ON REMAND OF CASE.—Where, on former appeal, it was held that the complaints did not state a cause of action against the bonding company because not filed within the statutory period, and the cause was remanded for a new trial, it was not error to permit the complaints to be amended so as to charge defendant in an action of debt, where defendant was permitted to amend his answer and to file a cross-complaint.

2. PRINCIPAL AND AGENT—AUTHORITY OF CONTRACTOR'S FOREMAN.— The foreman of a building contractor in charge of the construction of a building had implied power to bind the contractor by placing orders for materials.

3. EVIDENCE—STATEMENT OF AGENT.—In an action by a materialman against a building contractor for materials furnished but charged in the name of a subcontractor, it was proper to admit evidence of a conversation with defendant's foreman in charge of the construction of the building in which the foreman told plaintiffs that the subcontractor had abandoned his contract and requested that material furnished be charged in the name of a subcontractor, but that defendant would pay for same.

4. PRINCIPAL AND AGENT—APPARENT AUTHORITY OF CONTRACTOR'S FOREMAN.—Defendant contractor's foreman in charge of construction of a building had apparent authority to direct materialmen to charge material furnished in the name of a subcontractor who had defaulted in his contract, for the convenience of the contractor in keeping an account separate, so that the contractor could hold the subcontractor's bondsmen liable for the amount thereof.

5. TRIAL—DISPUTED QUESTION OF FACT.—Where there is a disputed question of fact on the material issue, it is improper for the court to direct a verdict for either party.

Appeal from Jefferson Circuit Court; *T. G. Parham,* Judge; affirmed.

*S. L. White,* for appellant.

*Rowell & Alexander* and *Harry T. Wooldridge,* for appellee.

McHANEY, J.    This is the second appeal of this case, the first being reported in 171 Ark. 197, 284 S. W. 53. The former case was first affirmed, and petition for rehearing overruled. A short time thereafter appellant

paid the judgments of the two lien claimants, who are the appellees herein. Some months after the first decision the court, on its own motion, recalled the judgment, amended its opinion, set aside the original judgment of affirmance, and reversed and dismissed the causes on the ground that, at the time the actions were instituted, the appellees did not have claims which might be the basis of liens, following its former decision in the case of *Acme Brick Co.* v. *Swim,* 168 Ark. 185, 269 S. W. 369. Thereafter the appellees filed a petition for rehearing, which was granted, and the former order of the court dismissing the case was set aside, and the cause was reversed, and remanded for a new trial. Thereupon appellant demanded of appellees that they refund it the money it had erroneously paid them, and, upon their refusal to return same, it filed an answer and cross-complaint in each case in the court below, alleging the facts heretofore set out, and prayed judgment against appellees for the amounts paid them. The facts in the original action are stated in the opinion on the former appeal.

The appellees answered, admitting that these payments had been made, but, by way of offset against any claim of appellant, they stated that it was indebted to them, as set out in the original complaint, which they pleaded in bar of any right of appellant on its cross-complaint. They also filed amendments to their original complaints, that the material sold to Shepherd, a subcontractor of appellant, was in fact contracted for by appellant, but was, at its request, and for its convenience in keeping separate the amount delivered to Shepherd, charged to Shepherd's account; that Shepherd had been doing the plastering work on the building, and that a controversy had arisen because of which Shepherd had abandoned his contract with appellant, and it was carrying out Shepherd's contract, and for this reason, in order to fix liability on Shepherd's bond to it, it desired the material charged to Shepherd, but that appellant agreed to pay for it; that the material was ordered out by appellant's superintendent in charge of the building, and that

all of the items were in fact delivered to appellant, who agreed to be primarily liable therefor, but desired the account carried in the name of Shepherd for its convenience; that, upon the completion of the contract, appellant, through its superintendent, requested a final statement, which was furnished and ok'd by its superintendent, and that the appellees were requested by appellant to bring action against it, Shepherd and the Fidelity & Deposit Company of Maryland, for the purpose of establishing their claims, so that appellant could realize on the bond of Shepherd.

Appellant answered, denying all these allegations, demurred to the amendment to the complaint, and moved to strike the same from the records, on the ground that it stated a new cause of action different from that alleged in its original complaint. The court overruled the demurrer and motion to strike, as also the plea of the statute of frauds, on the ground that said agreement was not in writing. The case was submitted to a jury, and, on a finding in favor of appellees, judgment was rendered for them, from which is this appeal.

We cannot agree with appellant that the court erred in overruling its demurrer and motion to strike. Appellant had been made a party defendant in the original suit because it was the original contractor, having given a bond to the State of Arkansas for the use and benefit of all persons who might have liens, in which it was set up that Shepherd, the contractor, had purchased the material. This was done at appellant's request in order to fix the liability of Shepherd so that appellant might collect from him on his bond given to the principal contractor. In that suit appellant was sought to be held as secondarily liable, that is, liable on its bond to all persons who might have liens. The effect of the decision in the former case was, as finally determined by this court, that the complaints in that case did not state a cause of action against the bonding company, because not filed within the ninety-day period fixed by the statute from the date of the last item of material that had been

furnished, and therefore did not fall within the statute giving materialmen a right of action against the bonding company, one of the defendants, as construed in the case of *Acme Brick Co.* v. *Swim, supra.* It did not preclude appellees, on a remand of the case, from amending their complaints in any manner which the facts justified to show appellant primarily liable for their claims. We do not think the cases cited by appellant support his contention in this regard. On a remand of the case the court permitted both sides to amend, appellant to amend its answer and file a cross-complaint, and the appellees to amend their complaints. By permitting the amendment to the complaint, the cause of action was changed from one on the bond to one of debt. Under our liberal system of pleading and amendments to pleadings, we do not think there was any error in permitting this to be done. Indeed, appellees could have filed an original suit against appellant, alleging that it purchased this material, had not paid for it, and praying for judgment for the amount thereof. Certainly, if this could be done, the court did not abuse its discretion in permitting appellees to amend their complaints and try out this matter in the suit pending.

The next assignment of error is that the court erred in overruling its objections to certain testimony of Brewster and McMillan. This testimony related to conversations had with one Ingram, who was the foreman of appellant in charge of the construction of the building. It is admitted by appellant that Ingram was its foreman in charge of the work, and had authority to order out material for the building as the work progressed. These conversations were to the effect that Ingram had told them that Shepherd had abandoned his contract for the plastering of the building, and that appellant had taken same over to be completed by it, and that, for its convenience, so that the plastering account and the general construction account would not get confused, it desired that the material furnished for plastering be charged in the name of Shepherd, but that it would be paid for

by appellant. Ingram had authority to order out material as the work progressed, and in fact did order same out from time to time as it was needed, and he had the implied power to bind appellant by placing orders for this material, as it was in the apparent scope of his authority. This, too, regardless of the fact that the president of appellant stated that he had no authority to make a contract for the purchase of material, but only to order same out after he had made the contract of purchase. By putting him in charge of the work, with authority to order out the material; he had the implied power to order any necessary material for the building, whether previously purchased by appellant's president or not. And we think the conversations above referred to were competent testimony, and that there was no error in the court's overruling the objections thereto. Being the foreman of construction, and being on the job all of the time, with authority to order out material, it was certainly within the apparent scope of his authority to direct appellees to charge the material in the name of Shepherd, who, it is alleged, defaulted in his contract to plaster the building, for the convenience of appellant in keeping the accounts separate, so that appellant could hold Shepherd's bondsmen liable for the amount thereof.

There was no error in the refusal of the court to instruct a verdict in appellant's favor, at the conclusion of appellee's testimony, and at the conclusion of all of the testimony. Appellees had testified to facts and circumstances which, if believed by the jury, made appellant primarily liable for the debts due appellees as having been ordered out by it directly, with a request to charge it to Shepherd. This was the state of the testimony when appellees rested. Appellant denied this evidence given by appellees, which made a disputed question of fact at the conclusion of all the evidence, making it a case for the jury. Where there is a disputed question of fact on a material issue, it is not proper for the court to instruct a verdict for either party.

Complaint is made to the giving of instructions requested by appellees and in modifying and giving one instruction requested by appellant. We have examined these assignments of error carefully, and find no error in them. We do not set them out, as it would unduly extend this opinion. Suffice it to say that the case was submitted to the jury under correct instructions which fairly submitted the contentions of both sides, and, it having found against appellant, the judgment will be affirmed.