UNION INDEMNITY COMPANY *v.* COVINGTON.

Opinion delivered December 3, 1928.

*Buzbee, Pugh & Harrison* and *Ward & Caudle,* for appellant.

*Richard M. Priddy, J. H. A. Baker, George F. Hartje, Robert Bailey,* and *C. M. Wofford,* for appellee.

SMITH, J. The building committee of the Russellville Masonic Lodge, on behalf of the lodge, entered into a contract on September 10, 1926, with the T. P. Miller Construction Company, to erect a Masonic temple in the city of Russellville, and on September 27, 1926, a bond was executed by the construction company, with the Union Indemnity Company as surety, to the building committee as obligee, in the sum of $30,500, which recited the building contract, and obligated the contractor and the indemnity company to "save harmless the said obligee from any pecuniary loss resulting from the breach of any of its terms" on the part of the contractor, with the provision, however, that the bond was issued subject to the following conditions:

The bond was conditioned that no liability should attach to the surety unless, in the event of any default, the obligee should, within thirty days after being advised thereof, deliver written notice of the default to the surety. The bond provided also that, in case of default, the surety should have the option to complete the contract, in which event the surety should be subrogated "to all the rights and properties of the principal arising out of the contract, including all deferred payments and retained percentage." It was also provided that "in no event shall the surety be liable to other than the obligee, or for a greater sum than the penalty of this bond, or be subjected to any suit, action or other proceeding thereon that is instituted later than the first day of August, 1927."

Notwithstanding the fact that the bond was executed September 27, 1926, it was not filed with the clerk of the

circuit court of the county in which Russellville is situated until May 18, 1927.

On May 11, 1927, the Twin City Brick & Tile Company filed a claim for a lien for material furnished against the temple building, and suit was brought to enforce this lien on October 30, 1927. The surety company was not made a party to this suit.

On September 3, 1927, Willie T. Covington brought suit against the building committee and the surety company, praying judgment for the amount of certain material used in the construction of the building. This suit was for putting on the roof, which was completed about March 1, 1927.

The suit of the brick company, praying a lien against the building, and that of Covington, praying judgment against the surety company, were consolidated, and several material furnishers intervened in the consolidated case and were made parties thereto. Certain of these interveners filed their accounts with the clerk of the circuit court as required, and within the time limited by § 6922, C. & M. Digest, and, upon the assumption that the bond of the surety company was a statutory bond, inuring to the benefit of all persons who had furnished material or performed labor on the building, they prayed judgment for the amount of their respective demands. Other interveners, who did not within ninety days file their accounts with the clerk of the circuit court, prayed judgment upon their interventions filed after the expiration of that time against the surety company, upon the theory that the bond had been executed pursuant to § 6915, C. & M. Digest, and that suit might be brought upon the bond at any time within six months after the completion of the building.

A member of the building committee testified that the building was completed, so far as the contractor was concerned, on July 25, 1927, although some work was done after that date.

The court below decreed that, inasmuch as the brick company had proceeded to enforce and foreclose its lien

before the bond of the surety company had been filed with the clerk of the circuit court as the statute required, its right to a lien became fixed, and was not displaced by the subsequent filing of the bond, but that, after the filing of the bond, the right to foreclose a lien ceased, and the material furnishers and laborers, except the brick company, were relegated to a suit on the bond of the surety company, and upon this theory rendered judgment against the contractor and the surety company for the amount of all claims except that of the brick company.

The surety company has perfected an appeal, and the Masonic lodge has prayed and perfected a cross-appeal.

It is necessary, first, to determine the character of the bond executed by the surety company. It is insisted that it was executed under § 6915, C. & M. Digest, and that any cause of action arising under it could have been sued on at any time within six months after the completion of the building, and that the filing of this bond displaced the right of the plaintiffs and interveners in this suit to assert a lien against the building, and that the plaintiff brick company should have sued on this bond, and that the others properly did so. We are of the opinion, however, that the bond is not a statutory bond, and, if it were, the applicable statute is not § 6915, C. & M. Digest, but is § 6912, C. & M. Digest.

Act 446 of the Acts of 1911 (Acts 1911, page 462) contains three sections relating to the execution of a bond by the principal contractor, whereby any building, etc., under construction may not be subject to the liens provided for in § 6906, C. & M. Digest. These sections of the act of 1911 became and are §§ 6912, 6913 and 6915, C. & M. Digest.

Section 6912 is applicable to buildings generally, that is, all buildings, etc., not covered by § 6913 or by § 6915, C. & M. Digest, and it has been held that, in cases where § 6912 is applicable, it is optional on the part of both the owner and the contractor to make a bond, that is, it is a matter of contract between the owner and the

contractor as to whether a bond shall be executed or not. *Stewart-McGehee Construction Co.* v. *Brewster,* 171 Ark. 200, 284 S. W. 53. And it has been held that, if no bond is given, the laborer or material furnisher must comply with § 6922, C. & M. Digest, by filing a verified account with the clerk of the circuit court; but, where the bond is given, the person who, in the absence of the bond, would have a lien, might sue on the bond without complying with § 6922, C. & M. Digest. But the beneficiaries under the statute who do not comply with § 6922, C. & M. Digest, must institute suit on the bond before the time has expired for establishing liens, which, as was said in the case of *Acme Brick Co.* v. *Swim,* 168 Ark. 185, 269 S. W. 369, is within ninety days after the last item of material was furnished or work done. See also *Stewart-McGehee Construction Co.* v. *Brewster, supra.* If § 6922, C. & M. Digest, is complied with, suit may be brought on the bond at any time within fifteen months. Section 6913, C. & M. Digest, relates to public buildings, and it, of course, does not apply here.

Section 6915, C. & M. Digest, relates to the building or repair of "any church, hospital, orphanage or charitable institution or benevolent institution," and there is no testimony in the present record showing it to be such.

There is certainly no presumption that the temple or building of a fraternal organization is a benevolent or charitable institution, and there is no testimony here to that effect. If it were, suit might be brought on the statutory bond covering its construction at any time within six months after the completion of the building. Section 6916, C. & M. Digest.

We conclude therefore that, if the contractor's bond upon which the indemnity company became surety were a statutory bond, the applicable statute is § 6912, C. & M. Digest, and, as we have seen, suit on this bond must be brought within ninety days after the material has been furnished or the work done by those who do not comply with § 6922, C. & M. Digest.

The suit of the brick company was brought within that time, and was brought, not upon the bond, but to foreclose the statutory lien, and we think the court properly granted the relief prayed.

We are of the opinion, however, that the court was in error in rendering judgment against the surety company in favor of other material furnishers, for the reason that the bond was not a statutory one, and was executed for the sole benefit of the Masonic lodge.

It was held in the case of *Mansfield Lbr. Co.* v. *National Surety Co.*, 176 Ark. 1035, 5 S. W. (2d) 294, that a bond given by a contractor, binding him and his surety to indemnify the owner against claims for labor and material, which was not filed with and approved by the clerk of the circuit court as required by the statute, was not a statutory bond, but that, even though it were not a statutory bond, if its obligations were broad enough to cover the demands of persons having contracts for labor or material, such persons might sue on the bond for the amount of their demands. Here the bond, though dated September 27, 1926, was not filed with the clerk until May 18, 1927, and was not even then approved by the clerk.

Contrary to the provisions of the statute that the statutory bond shall be for the benefit of all material furnishers, etc., the bond here sued on recites "that in no event shall the surety be liable to other than the obligee, or for a greater sum than the penalty of the bond, or be subjected to any suit, action or other proceeding thereon that is instituted later than the 1st day of August, 1927." This limitation as to the time within which suit may be brought is contrary to the statute.

It was held in the case of *Union Indemnity Co.* v. *Forgey & Hanson*, 174 Ark. 1114, 229 S. W. 1032, that naming the commissioners of a drainage district as the obligee in a bond, instead of the State of Arkansas, and making the bond in a less sum than the statute required, did not prevent the bond from being a statutory one, where it had been executed under a statute requiring the execution of a bond and in attempted compliance with the statute.

But we cannot construe the bond here sued on to be a statutory bond, when its obligations expressly negative that construction. This is not a case where the bond contains conflicting obligations; on the contrary, there is nothing in the bond to indicate that its protection inures to any one except the obligee, the Masonic lodge, and the recital is express that the surety shall be liable only to the obligee. We may construe contracts, but we have no right to make them, and we must therefore hold that the bond protects only the Masonic lodge, and the court was therefore in error in rendering judgment in favor of any of the interveners on the bond, and that judgment will be reversed and the interventions dismissed as to the surety company. *Wallace Equipment Co.* v. *Graves,* 132 Wash. 141, 231 Pac. 458; *Massachusetts Bonding & Ins. Co.* v. *Hoffman,* 34 Ga. App. 565, 130 S. E. 375. See also *City of Erie, to use of Schafer,* v. *Diefendorf,* 278 Pa. 31, 122 Atl. 159.

We think, however, that those laborers and material furnishers who complied with § 6922, C. & M. Digest, should have liens declared in their favor. It is true they did not pray this relief, but did pray judgments against the bond. However, this prayer was upon the assumption that the filing of the bond had displaced the liens. The lodge was a party to the proceeding, in which the amount and validity of these demands were adjudged, and the court, instead of awarding judgments on the bond, should have declared liens on the building.

It appears that the building committee has on hand six thousand dollars which would be due the construction contractor (against whom judgment was rendered by default, and who has not appealed) had the building been constructed and completed according to the contract. This sum will be prorated and credited to the claims of those laborers and material furnishers who are entitled to liens under this opinion, and liens will be declared upon the building for the balance, to be enforced in the manner provided by law, and the cause will be remanded, with directions to enter a decree in accordance with this opinion.